FILED

15 MAR 24 AM 11:03

CLERK, U.S. DIST COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

VICTOR GUZMAN,
Florida resident.
    Plaintiff,

vs.

LEE COUNTY SHERIFF
MIKE SCOTT, in his individual and
official capacity, John Doe 1, in his
individual capacity, a Florida resident,
John Doe 2, in his individual capacity,
a Florida resident, John Doe 3 in his
individual capacity, a Florida resident
and GUSTAVO VALLEJO, in his
individual capacity, Florida resident.

    Defendant.
-------------------------------------------------/

CASE #:

JUDGE:

2:15-cv-192-FtM-29CM

## COMPLAINT

COMES NOW, the Plaintiff, VICTOR GUZMAN, by and through the undersigned attorneys, and sues the Defendant, LEE COUNTY SHERIFF MIKE SCOTT, and John Doe 1, (hereinafter "DOE 1") in his individual capacity John Doe 2, ("DOE 2"), John Doe 3 ("DOE 3") in his individual capacity and Gustavo VALLEJO ("VALLEJO"), in his individual capacity and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00, exclusive of costs and interest, battery, and a civil rights claim pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

1

2. Venue properly lies in LEE COUNTY as the incident in question occurred in LEE COUNTY, Florida.

## THE PARTIES

3. VICTOR GUZMAN is a citizen of the state of Florida over the age of majority who resides in LEE COUNTY, Florida.

4. The Defendant LEE COUNTY SHERIFF MIKE SCOTT is the director of an independent agency of the State of Florida. At all times material to the allegations contained in this Complaint, the LEE COUNTY SHERIFF MIKE SCOTT was the employer of the other Defendants and operated the Police Department.

5. At all times material to the allegations contained in this Complaint, Defendants JOHN DOE 1, JOHN DOE 2, DOE 3, and JOHN DOE 3, and Gustavo VALLEJO were citizens of the State of Florida, residents of LEE COUNTY, Florida, and employed by LEE COUNTY SHERIFF MIKE SCOTT as police officers with the Police Department.

6. Plaintiff has complied with all conditions precedent to the filing of this lawsuit pursuant to §768.28 Florida Statutes.

## STATEMENT OF FACTS

7. That on or about April 12, 2011 Plaintiff, VICTOR GUZMAN, was with some friends coming back from bible studies in his neighborhood of Bonita Springs.

8. While talking with his friends, several members of LEE COUNTY SHERIFF MIKE SCOTT Sheriff's Department, acting under color of state law, and John Doe 1, John Doe 2, John Doe 3 in his and Gustavo VALLEJO, jumped and assaulted VICTOR GUZMAN under the belief that he was a suspect for whom there was a search. He was not.

9. The Plaintiff, VICTOR GUZMAN, was hit with a blow to the head and then beaten repeatedly about the head and body by the members of LEE COUNTY SHERIFF MIKE SCOTT Sheriff's Department, LEE COUNTY and John Doe 1, in his individual capacity, John Doe 2, in his individual capacity John Doe 3 in his individual capacity and Gustavo VALLEJO, in his individual capacity, and all acting under color of State law.

10. While Plaintiff was on the ground, it was determined by the members of the LEE COUNTY SHERIFF MIKE SCOTT Sheriff's Department, and employees, John Doe 1, in his individual capacity John Doe 2, in his individual capacity John Doe 3 in his individual capacity and Gustavo VALLEJO, in his individual capacity that Plaintiff was not the subject of the search and apprehend mission and there was no probable cause to detain or use excessive force against him.

11. Upon realizing they had the wrong person, the members of the LEE COUNTY SHERIFF MIKE SCOTT POLICE Department, John Doe 1, in his individual capacity John Doe 2, in his individual capacity John Doe 3 in his individual capacity and Gustavo VALLEJO, in his individual capacity stopped the beating the Plaintiff and told Plaintiff to go home, take a couple of aspirins and rest all after he had lost consciousness.

12. Plaintiff suffered severe injuries as a result of the beating, including but not limited to an orbital wall fracture, detached retina, blindness, unconsciousness, and bruising. Plaintiff has had to undergo medical treatment as a result of said injuries and surgery has been recommended by his treating physician(s) as a result of the excessive force used against him.

13. While Plaintiff GUZMAN was on the floor, he lost consciousness. The defendants exerting great force causing the plaintiff exceedingly great pain, shoving and blunt trauma.

14. At all times, Plaintiff GUZMAN posed no threat, resisted with violence justifying this deadly force that would have provoked s DOE1, 2, and 3 and VALLEJO to put the plaintiff's life in danger.

15. At all times material hereto, neither, JOHN DOE 1 nor JOHN DOE 2 nor JOHN DOE 3 nor GUSTAVO VALLEJO's had any probable cause to use excessive force against Plaintiff GUZMAN.

16. Subsequently, through an internal affairs process, the Police Department ratified the Defendants' behavior in dealing with Plaintiff GUZMAN. The investigative process was flawed, if nonexistent, and encouraged this behavior.

17. There is a policy and procedure in place at the Police Department through its internal affairs process to allow for, if not encourage, the unlawful use of force against civilians by LEE COUNTY SHERIFF MIKE SCOTT.

### COUNT I - 42 U.S.C. § 1983 CLAIM AGAINST JOHN DOE 1, DOE 2, DOE 3 and GUSTAVO VALLEJO FOR THE USE OF EXCESSIVE FORCE

18. GUZMAN adopts and incorporates the allegations of paragraphs 1-22 as if fully set forth herein and further alleges:

19. On or about April 12, 2011 while acting under the color of state law as a police officer employed by the Police Department Defendant JOHN DOE 1, 2 and 3 and VALLEJO struck the Plaintiff to the point of losing consciousness and losing his retina and caused serious bodily injury all while the Plaintiff was in the custody of the Police Department.

20. On or about April 12, 2011, while acting under the color of state law as a police officer employed by the Police Department, Defendant DOE 1, 2, 3, and VALLEJO struck the Plaintiff on or

about the head and body causing internal organ failure, blunt trauma to the head and loss of consciousness.

21. The Plaintiff had been seized by Defendant and was not resisting either of the OFFICERS with violence in any manner.

22. Without legal cause or justification, the OFFICERS used force that was excessive, unnecessary, and disproportionate to that which was necessary to arrest or subdue the Plaintiff.

23. The force that JOHN DOE 1, 2, 3 and VALLEJO used on GUZMAN was objectively unreasonable under all of the facts and circumstances confronting them and violated GUZMAN' clearly established rights under the Fourth Amendment to the United States Constitution to be free from excessive and unreasonable search and seizure while in police custody.

24. No reasonable police officer confronted with the facts and circumstances confronting the OFFICERS would have believed that the force they used on GUZMAN on April 12, 2011 was objectively reasonable and not in violation of GUZMAN' clearly established rights under the Fourth Amendment to the United States Constitution.

25. As a direct and proximate result of the OFFICERS' actions, GUZMAN sustained bodily injury and resulting pain and suffering, mental anguish, emotional distress, psychological injury, embarrassment and humiliation. These injuries and damages and the resulting losses therefrom, are permanent and continuing in nature and GUZMAN will continue to suffer them on an ongoing basis into the future.

26. Wherefore the Plaintiff is entitled to:
    a. Compensatory damages for the physical and mental injuries suffered.
    b. Punitive damages.

5

  c. Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988.

### COUNT II - 42 U.S.C. § 1983 CLAIM AGAINST JOHN DOE 1, DOE 2, DOE 3, and VALLEJO FOR FAILURE TO INTERVENE

27. GUZMAN adopts and incorporates by reference allegations of paragraphs 1-22 as if fully set forth herein and further alleges.:

28. On or about April 12, 2011, JOHN DOE 1, DOE 3, and JOHN DOE 3 and VALLEJO acting under the color of state law as police officers employed by the LEE COUNTY SHERIFF MIKE SCOTT, were present during a period of time when DOE1, and or DOE 2 and/or DOE 3 were using excessive force against Plaintiff GUZMAN in violation of GUZMAN' rights under the Fourth Amendment to the United States Constitution.

29. JOHN DOE 1, and/or DOE 3, and or. JOHN DOE 3 and/or VALLEJO witnessed each other striking the plaintiff on or about the head and body.

30. JOHN DOE 1, and/or. DOE 3, and/or. JOHN DOE 3 failed to intervene to protect GUZMAN from the unconstitutional acts even though they had ample time to do so.

31. In fact rather than intervening, JOHN DOE 1, and/or DOE 3, and/or JOHN DOE 3 and/or VALLEJO by facilitating the brutal attack .

32. JOHN DOE 1, DOE 2, and. JOHN DOE 3 and/or VALLEJO failure to intervene under all of the facts and circumstance confronting them, itself constitutes an actionable violation of GUZMAN' constitutional rights.

33. A police officer's duty to intervene when the officer witnesses the use of unconstitutional excessive force with the time and ability to intervene was clearly established in the incident involving the plaintiff on April 12, 2011.

34. No reasonable police officer confronted with the facts and circumstances confronting JOHN DOE 1, DOE 2, and DOE 3 and VALLEJO would have believed that their failure to intervene, in the face of the unconstitutional excessive force being inflicted on Plaintiff GUZMAN was objectively reasonable.

35. As a direct and proximate result of the JOHN DOE 1, DOE 2 and DOE 3 and/or VALLEJO failure to intervene, GUZMAN sustained bodily injury and resulting pain and suffering, mental anguish, emotional distress, psychological injury, embarrassment and humiliation. These injuries and damages and the resulting losses therefrom, are permanent and continuing in nature and GUZMAN will continue to suffer them on an ongoing basis into the future.

36. Wherefore the Plaintiff is entitled to:

    a. Compensatory damages for the physical and mental injuries suffered.

    b. Punitive damages.

    c. Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988

### COUNT III - 42 U.S.C. § 1983 CLAIM AGAINST THE LEE COUNTY SHERIFF MIKE SCOTT

37. GUZMAN adopts and incorporates by reference the allegations of paragraphs 1-22, as if fully set forth herein and further alleges:

38. The Defendant LEE COUNTY SHERIFF MIKE SCOTT has permitted, tolerated, and condoned a culture within the ranks of the Police Department, the use of excessive force in violation of the Constitution of the United States of America.

39. The internal affairs process is constitutionally flawed in its protocols and procedures in conducting investigations involving unlawful use of force by police officers within the Department.

40. The questioning of witnesses in these investigations is conducted in ways which preclude independent investigations and punishment for the unlawful and unconstitutional acts of officers involved in excessive use of force.

41. There are no standardized protocols in how questioning is conducted of witnesses who hold negative information of the police officers' actions involved in accusations of excessive use of force.

42. This culture, through the final policy-maker, the Director of the Police Department, has risen to the level of policy or custom such that the LEE COUNTY SHERIFF MIKE SCOTT is responsible for the unconstitutional actions of their employees.

43. JOHN DOE 1, JOHN DOE 2, DOE 3, and VALLEJO used or tolerated excessive force on GUZMAN that violated the Plaintiff's right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

44. The custom and policy of the Police Department through its director, Sheriff Mike Scott was the primary moving force behind the actions of the Police Department officers.

45. As a direct and proximate result of the LEE COUNTY SHERIFF MIKE SCOTT 'S actions, GUZMAN sustained bodily injury and resulting pain and suffering, mental anguish, emotional distress, psychological injury, embarrassment and humiliation. These injuries and damages and the

8

resulting losses therefrom, are permanent and continuing in nature and GUZMAN will continue to suffer them on an ongoing basis into the future.

46. Wherefore the Plaintiff is entitled to:

   a. Compensatory damages for the physical and mental injuries suffered.

   b. Punitive damages.

   c. Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988.

### COUNT IV - STATE LAW CLAIM AGAINST THE LEE COUNTY SHERIFF MIKE SCOTT FOR BATTERY

47. GUZMAN adopts and incorporates by reference the allegations of paragraphs 1-22 as if fully set forth herein and further alleges.

48. Defendants and DOE 1, 2 and 3 and VALLEJO with the Police Department had a duty not to intentionally touch and cause bodily harm to the plaintiff GUZMAN.

49. The defendants SHERIFF MIKE SCOTT and DOE 1, 2, 3, and VALLEJO breached their duty when on or about April 12, 2011 they intentionally touched and caused bodily striking and causing blunt trauma to the plaintiff Guzman. The unlawful touching of the Plaintiff constituted excessive force and was accomplished without the consent and against the will of the Plaintiff. DOE 1, 2, 3, and VALLEJO were acting within the course and scope of their employment as Police officers when they unlawfully touched the Plaintiff.

50. LEE COUNTY SHERIFF MIKE SCOTT is responsible for the actions of his employees while engaged within the course and scope of their employment.

51. As a direct and proximate result of the actions of DOE 1, 2, 3, and VALLEJO and SHERIFF MIKE SCOTT, Plaintiff suffered both physical and mental injuries and is entitled to relief.

52. Wherefore the Plaintiff is entitled to:

    a. Compensatory damages for the physical and mental injuries suffered.

    b. Costs of this action.

    c. Any other remedy the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, VICTOR GUZMAN, demands a trial by jury on all counts and all issues so triable as of right.

Dated this 23rd day of March, 2015

Respectfully submitted,

LAW OFFICES OF CHAVEZ AND DE LEON, P.A.
1399 SW.S 1st Avenue, Suite 202
Miami, Fl. 33143
Phone: (305) 740-5347
Fax: (305) 740-5348

By _____
JOHN DE LEON
Florida Bar No.: 650390

## CERTIFICATE OF SERVICE

I hereby certify that on 23rd day of March, 2015, a true and correct copy of the foregoing was served by U.S. Mail and electronic mail on all parties via their attorney Robert Shearman, Henderson, Franklin, Starnes & Holt, P.A. 1715 Monroe Street P.O. Box 280 Fort Myers, FL 33902 at fax # 239-344-1501 and Robert.Shearman@henlaw.com.

_____
John de Leon

10