UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR GUZMAN, Florida resident

    Plaintiff,

v.                                                  Case No:   2:15-cv-192-FtM-29CM

MIKE SCOTT, JOHN DOE 1,
JOHN DOE 2, JOHN DOE 3,
GUSTAVO VALLEJO, MIKE
TAMULIONIS and RICHARD
RUSSO,

    Defendants.

_____

## ORDER

Before the Court is Plaintiff's Motion for Leave of Court to Take Expedited Discovery and Compel Answers to Limited Interrogatories ("Motion") (Doc. 3), filed on March 24, 2015.  The Motion requests that Plaintiff be permitted to take limited discovery to determine the identities of the John Doe Defendants.  Doc. 3.  Plaintiff also states that expedited discovery is necessary because "[t]he statute of limitations on this case expires on April 10, 2015."  *Id.* at 3.

Pursuant to Middle District of Florida Local Rule 3.05(c)(2)(B), a party may not seek discovery prior to the case management meeting without first obtaining a Court Order.  Rule 26, Federal Rules of Civil Procedure, similarly provides that parties may not seek discovery before a Rule 26(f) conference, except in proceedings exempted from initial disclosure, when authorized by the Federal Rules, when the parties have so stipulated, or by court order.  Fed. R. Civ. P. 26(d)(1).  A court may

authorize early discovery for convenience of the parties or witnesses, and in the interests of justice, and may order discovery of any relevant matter for good cause. Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 26(d)(2). *See also U.S. v. Gachette*, No. 6:14-cv-1539-Orl-37TBS, 2014 WL 5518669, at *1 n.1 (M.D. Fla. Sept. 26, 2014) (explaining that although other courts require a more stringent standard akin to that of seeking a preliminary injunction, those courts are in the minority and the court therefore would apply the "good cause" standard). Good cause may exist where, as here, a party seeks expedited discovery in order to ascertain the true identity of a John Doe Defendant. *Id.* at *1 (citing *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012).

On March 24, 2015, Plaintiff filed a four count Complaint pursuant to 42 U.S.C. § 1983 against Defendants Mike Scott, Gustavo Vallejo and John Does 1, 2 and 3, alleging that Defendants used excessive force and subjected Plaintiff to an unreasonable search and seizure when he was mistaken for another individual and beaten by members of the Lee County Sheriff's Office. Doc. 1. On March 31, 2015, Plaintiff filed an Amended Complaint in which he names two additional Defendants, Mike Tamulionis and Richard Russo. Doc. 5. Plaintiff has not withdrawn the Motion; and, therefore, it is unclear whether he still requests leave to take additional early discovery.

To the extent that Plaintiff's Motion is not moot, the Court finds that good cause exists here to permit limited early discovery. Plaintiff asserts that the "named parties can easily provide the names of the undercover officers involved in the

altercation with the plaintiff," and that he seeks the information in order to properly serve Defendants. Doc. 3 at 3, 5. At this early stage, it seems likely that information as to the identities of the John Doe Defendants is within the custody or control of Defendant Scott, and Plaintiff should be permitted the opportunity to conduct limited early discovery to learn their identities. Moreover, the Court finds that the proposed interrogatories to Defendant Mike Scott are sufficiently narrow in scope.[1] Docs. 3-2, 3-3. Each set of interrogatories contains only four questions, and each question is narrowly tailored to learn the identities of the individuals involved in the April 12, 2012 incident forming the basis of the Complaint. Docs. 3-2 at 5, 3-3 at 5. Plaintiff also represents that he only will use the information provided to protect his rights and prosecute his claims. Doc. 3 at 5.

---

[1] Both documents are entitled "Plaintiff's First Interrogatoris [sic] to Defendant Mike Scott," and state that Plaintiff "hereby propounds the attached Interrogatories to Defendant, Victor Guzman . . . ." Doc. 3-2 at 1; Doc. 3-3 at 1. In the "conclusion" section of Plaintiff's Motion, however, states that Plaintiff seeks to propound interrogatories to both Defendant Scott and Defendant Vallejo. Doc. 3 at 5.

Also noteworthy is that one set of interrogatories defines the term "action" as "the case entitled Victor Guzman v. Lee County Sheriff Mike Scott et al, case number 15 – CA – 643 pending in the Circuit Court of the 20th judicial circuit in and for Lee County, Florida." Doc. 3-2 at 3. The other set of interrogatories defines the term "action" as "the case entitled Victor Guzman v. Lee County Sheriff Mike Scott et al, case number 15-cv-00192 pending in the United States District Court in the middle district of Florida." Doc. 3-3 at 3. It is unclear why Plaintiff is requesting information related to his pending – albeit related – state case from this Court, and the Court assumes this was filed in error and instead Plaintiff intended to attach the request for interrogatories to Sgt. Vallejo. In any event, **Plaintiff's use of the information obtained as the result of this Order therefore is limited to use in this federal action absent agreement by Defendants.**

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Leave of Court to Take Expedited Discovery and Compel Answers to Limited Interrogatories (Doc. 3) is **GRANTED** to the extent that Plaintiff may obtain limited early discovery in order to learn the identities of the John Doe Defendants.

2. Plaintiff may serve the proposed interrogatories on Defendants Mike Scott and Gustavo Vallejo and request production of any documents relating to the identities of the John Doe Defendants.

3. Defendant Scott and Defendant Vallejo shall provide answers and documents responsive to Plaintiff's interrogatories, except as may be protected by privilege. **Plaintiff's use of this information must be limited to this action and that which is necessary to identify and properly serve the John Doe Defendants, until such time as the parties have completed their case management conference and commence general discovery.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of April, 2015.

*(signature)*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record