UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR GUZMAN, Florida resident,

    Plaintiff,

v.      Case No: 2:15-cv-192-FtM-29CM

MIKE SCOTT, Lee County Sheriff, in his individual and official capacity, GUSTAVO VALLEJO, in his individual capacity, Florida resident, MIKE TAMULIONIS, in his individual capacity, and RICHARD RUSSO, in his individual capacity,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants' Amended Motion in Limine (Doc. #44) filed on January 31, 2017. Defendants Mike Scott, as Sheriff of Lee County, Florida, Mike Tamulionis, and Gustavo Valleho, move in limine to preclude plaintiff from introducing certain evidence. (Id.) Plaintiff filed a Response to Motion in Limine and Memorandum of Law (Doc. #43) on January 31, 2014, which also included a request to exclude plaintiff's immigration status.[1] The Court will address each in turn.

---

[1] The Court will treat plaintiff's request to exclude his immigration status within his Response as a Motion in Limine. Further, while plaintiff has not filed a response to defendants' Amended Motion in Limine, plaintiff did file a Response to

### 1. Any testimony or evidence regarding whether the charges were filed against plaintiff or were dropped

Defendants move to exclude any testimony or evidence regarding whether charges were filed against plaintiff or were dropped as such testimony is irrelevant to the issue of whether defendants had probable cause for plaintiff's arrest and the right to use reasonable force to do so. (Doc. #44, p. 3.)

The Court agrees that whether or not charges were brought or dropped against plaintiff is of no consequence to determining whether defendants had probable cause to arrest or use excessive force in effectuating the arrest in this case. Under the unique facts of this case, however, both sides agree that plaintiff was released at the scene because the victim ultimately said plaintiff was not the correct person. The defendants' Amended Motion in Limine is **denied** as to whether charges were filed, although the absence of charges is consistent with defendants' position.

### 2. Any testimony or evidence related to the prior disciplinary matters against Mike Tamulionis or Gustavo Vallejo

Defendants assert that any evidence related to prior disciplinary matters against Mike Tamulionis or Gustavo Vallejo should be excluded because it is prior bad act evidence and any

---

defendants' initial Motion in Limine immediately before defendants filed their Amended Motion. It appears that the arguments presented in the Response also apply to the Amended Motion in Limine.

probative value of this evidence is substantially outweighed by the danger of unfair prejudice.  (Doc. #44, pp. 3-4.)

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  This evidence, however, may be admissible for other purposes such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Prior to the admissibility of prior bad act evidence, the burden is on the party seeking to introduce the evidence to show that: "(1) the extrinsic offense must be relevant to an issue other than the defendant's character; (2) there must be proof that the defendant committed the offense; and (3) the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403."  United States v. Floyd, 522 F. App'x 463, 465 (11th Cir. 2013) (citing United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005)).

On February 21, 2017, at the Final Pretrial Conference,[2] counsel for defendants represented that he sought to exclude evidence of an incident involving Officer Vallejo where his firearm

---

[2] Counsel for plaintiff was not in attendance at the Final Pretrial Conference.

went off in the cleaning room and he was subsequently disciplined. This is the only disciplinary action identified. The Court finds that this incident is irrelevant to the charges at issue and will **grant** defendants' Amended Motion in Limine to exclude this evidence.

> 3. **Any evidence, testimony, or argument about an alleged pattern, practice, or epidemic of police misconduct, improper arrest, or use of excessive force by law enforcement officers in the United States, generally, or in the Lee County Sheriff's Office**

Defendants assert that any evidence of police misconduct, improper arrest, or use of excessive force by law enforcement officers should be excluded because it is irrelevant and any probative value is substantially outweighed by its propensity for unfair prejudice to the defendants. (Doc. #44, pp. 4-5.)

Plaintiff withdrew his 42 U.S.C. § 1983 claim of supervisory liability against Lee County Sheriff Mike Scott. (Doc. #27, p. 7; Doc. #31, p. 12.) The Court **grants** the motion and plaintiff may not elicit such evidence without prior permission of the Court.

> 4. **Plaintiff's Immigration Status**

Plaintiff requests that his immigration status be excluded as irrelevant and because its probative value is far outweighed by its prejudicial value. (Doc. #43, p. 4.) The Court agrees and **grants** plaintiff's motion. Plaintiff's immigration status shall not be raised at trial without the Court's prior permission.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants' Amended Motion in Limine (Doc. #44) is **GRANTED in part and DENIED in part**, as set forth herein.

2. Defendants' Motion in Limine (Doc. #34) is **denied as moot.**

3. Plaintiff's Motion in Limine (Doc. #43) is **GRANTED.**

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of February, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record